# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ADAMS,<br><br>        Plaintiff,<br><br>   v.<br><br>NEWSOME, *et al.*,<br><br>        Defendants. | Case No. 1:19-cv-01109-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 8)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Paul Adams ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 2, 2019.[1] (ECF No. 1.) Currently before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. (ECF No. 8.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

---

[1] The action was originally filed as a joint complaint with two *pro se* plaintiffs. See Case No. 1:19-cv-01065-LJO-BAM (PC) (E.D. Cal.). On August 14, 2019, the Court ordered Plaintiff's claims severed and opened as a new civil action. (ECF No. 2.)

1

physical injury."[2] Plaintiff has been informed in a prior action that he is subject to section 1915(g).[3]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[4] Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007). Plaintiff primarily alleges that he and other similarly situated inmates are being subjected to violations of various constitutional rights because prisoners in California are not paid a minimum wage for their labor. Plaintiff further alleges that the lack of a minimum wage for prisoner workers creates a homelessness problem among recent parolees, inflicting mental and emotional distress on prisoners and parolees, who are being deprived of basic human needs such as shelter, food, clothing, and a safe environment. (ECF No. 1.)

Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed. Although Plaintiff alleges that he suffers from mental and emotional injury, including severe stress at the prospect of becoming "instantly homeless" when released on parole, Plaintiff does not allege any imminent danger of serious physical injury at the time of filing and therefore has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g). Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 8), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this action.

///

---

[2] The Court takes judicial notice of the following United States District Court cases: (1) Adams v. Gottlieb, Case No. 2:09-cv-03027-UA-PJW (C.D. Cal.) (dismissed on May 19, 2009 as frivolous and Heck-barred); (2) Adams v. Small, Case No. 3:10-cv-01211-MMA-POR (S.D. Cal.) (dismissed on February 1, 2012 for failure to state a claim), aff'd, Case No. 12-55328 (9th Cir. November 4, 2013); (3) Adams v. Raske, 3:11-cv-00243-WQH-JMA (S.D. Cal.) (dismissed on August 13, 2013 as frivolous and for failure to state a claim); and (4) Adams v. Roe, Case No. 5:14-cv-00607-SJO-PJW (C.D. Cal.) (dismissed on November 2, 2016 for failure to state a claim).

[3] The Court takes judicial notice of Adams v. Roe, Case No. 16-56734, Dkt. 23 (9th Cir.) (finding that plaintiff-appellant is subject to 28 U.S.C. § 1915(g) and revoking *in forma pauperis* status on appeal).

[4] The Court expresses no opinion on the merits of Plaintiff's claims.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 13, 2019**        /s/ *Barbara A. McAuliffe*
                                                           UNITED STATES MAGISTRATE JUDGE